United States District Court
Southern District of Texas
**ENTERED**
May 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAIR RAIMUNDO BANDA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-225 |
| | § | |
| JR ROLANDO NOEL LO ARCEO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER & OPINION

The Court now considers the motion for partial summary judgment[1] filed by JR Rolando Noel Loera Arceo ("Defendant Arceo") and Jair Raimundo Banda's ("Plaintiff") response.[2] After considering the motion, record, and relevant authorities, the Court **DENIES** Defendant Arceo's motion.

### I. BACKGROUND

This case centers on a vehicle collision in a parking lot. According to Plaintiff, on April 15, 2018, Plaintiff was in his parked vehicle at a convenient store in Hidalgo, Hidalgo County, Texas.[3] Octavio Tovar Torres ("Defendant Torres"), operating his employer's vehicle in the course and scope of his employment with Defendant Arceo, a Mexican motor carrier business, struck Plaintiff's vehicle twice while attempting to leave the parking lot.[4] Plaintiff alleges he "was seriously injured in the collision."[5]

---

[1] Dkt. No. 15.
[2] Dkt. No. 16.
[3] Dkt. No. 4 p. 4, ¶ 5.
[4] *Id.* at pp. 4–5, ¶ 5.
[5] *Id.* at p. 5, ¶ 5.

On June 8, 2018, Plaintiff filed suit against Defendants in state court, bringing a negligence claim against Defendant Torres and a negligent hiring, supervision, training and retention claim against Defendant Arceo.[6] Defendants then removed to this Court.[7]

On April 12, 2019, Defendant Arceo filed the instant motion for partial summary judgment on Plaintiff's claims against Defendant Arceo for negligent hiring, supervising, training, and retaining Defendant Torres.[8] Plaintiff responded that he does not "desire to prosecute claims against [Defendant Arceo] for negligently hiring, supervising, training and retaining [Defendant Torres]" and that the parties are discussing settlement.[9] Plaintiff also filed an amended complaint deleting the claim against Defendant Arceo for negligent hiring, supervising, training, and retaining Defendant Torres.[10] However, the Court struck the complaint for not comporting with the timing requirements of Rule 15 of the Federal Rules of Civil Procedure.[11]

The instant motion is now ripe for review. The Court turns to its analysis.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "A fact is 'material' if its resolution could affect the outcome of the action,"[13] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[14] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

---

[6] *Id.* at pp. 3–8.
[7] Dkt. No. 1.
[8] Dkt. No. 15.
[9] Dkt. No. 16.
[10] Dkt. No. 17.
[11] Dkt. No. 18.
[12] Fed. R. Civ. P. 56(a).
[13] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[14] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

properly preclude the entry of summary judgment."[15] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[16] As to the question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[17] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[18] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[19]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[20] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[21] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[22] This demonstration must specifically indicate facts and their significance,[23] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[24]

### III. ANALYSIS

Defendant Arceo requests summary judgment on Plaintiff's claim for negligent hiring, supervising, training, and retaining Defendant Torres because Defendant Arceo "stipulates" to

---

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[16] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[17] *See* Dkt. No. 1.
[18] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A., Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[19] *Exxon Co. U.S.A., Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).
[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[21] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[22] *See Celotex Corp.*, 477 U.S. at 323.
[23] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[24] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

vicarious liability.[25] While Plaintiff is not opposed to Defendant Arceo's request,[26] the Court finds Defendant Arceo fails to meets its burden of showing the absence of a genuine issue of material fact as to Plaintiff's claim for negligent hiring, supervising, training, and retaining Defendant Torres.

A claim for negligent hiring "requires that some harmful or negligent conduct of an employee—one hired pursuant to the defendant's negligent hiring or supervision practices—proximately caused the injury complained of."[27] Such elements are those of an ordinary negligence claim: duty, breach of that duty, and damages proximately caused by the breach.[28] Ultimately, an employer owes its employees and the general public a duty "to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others."[29]

Here, Defendant Arceo fails to meet its burden of showing the absence of a genuine issue of material fact as to Plaintiff's negligent hiring, supervision, training, and retention claim. Defendant Arceo proffers nothing to contravert Plaintiff's claim or to show that it did not breach its duty. Defendant Arceo fails to present any evidence of any steps taken to ascertain Defendant Torres' qualifications or competence, instead focusing on Plaintiff "never depos[ing] Defendant Torres and/or Defendant [Arceo], as would be necessary to substantiate or offer evidence to establish Plaintiff's claims for negligent hiring, supervision, training, and retention."[30] Defendant Arceo only improperly relies on an unsubstantiated police report to supposedly show Defendant

---

[25] Dkt. No. 15.
[26] Dkt. No. 16.
[27] *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012).
[28] *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).
[29] *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.).
[30] Dkt. No. 15 p. 2, ¶ 5.

Torres acted in the course and scope with his employment with Defendant Arceo at the time of the incident.[31]

Finally, when a plaintiff does not allege gross negligence—as is the case here—and a defendant employer admits vicarious liability, the employee's competence and the employer's own negligence become irrelevant so long as the plaintiff pleads ordinary negligence.[32] Here, Defendant Arceo claims that it "stipulates" that Defendant Torres was its employee working in the course and scope of his employment with Defendant Arceo at the time of the incident.[33] Yet, such "stipulation" does not actually constitute a stipulation at all. Defendant Arceo merely claims in its motion that it is "vicariously liable for the acts/omissions of Defendant Torres under the theory of respondeat superior," but such reference is insufficient to be considered a stipulation to vicarious liability. Thus, Defendant Arceo fails to meet its burden and is not entitled to summary judgment on Plaintiff's claim for negligent hiring, supervision, training, and retention of Defendant Torres.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant Arceo's motion[34] for partial summary judgment on Plaintiff's claim against Defendant Arceo for negligent hiring, supervising, training, and retaining Defendant Torres. Despite the denial, the Court notes Plaintiff appears in agreement to proceed only with its negligence claim against Defendant Torres.[35] In light of the parties' upcoming May 10, 2019 deadline to file their joint pretrial

---

[31] *Id.* ¶ 6.
[32] *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex. App.—Tyler 1979, writ ref'd n.r.e.); *Williams v. McCollister*, 671 F. Supp. 2d 884, 889 (S. D. Tex. 2009); *Sanchez v. Transportes Internacionales Tamaulipecos S.A. de C.V.*, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017).
[33] Dkt. No. 15 p. 2, ¶ 4.
[34] Dkt. No. 15.
[35] Dkt. No. 16 p. 1.

order,[36] the Court thus encourages Plaintiff to pursue leave to amend his pleadings or to submit dismissal documentation consistent with Plaintiff's "desire to [no longer] prosecute claims against [Defendant Arceo] for negligently hiring, supervising, training, and retaining [Defendant Torres]."[37]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of May, 2019.

Micaela Alvarez
United States District Judge

---

[36] Dkt. No. 11.
[37] Dkt. No. 16 p. 1.